| | |
|---|---|
| STATE OF INDIANA ) | IN THE ALLEN SUPERIOR COURT |
| COUNTY OF ALLEN ) | CAUSE NO: 02D03-16 03-PI-000170 |
| GRETCHEN B. CARREL, ) | |
| Plaintiff, ) | FILED |
| v. ) | 2016 MAR 29 PM 3: 13 |
| MEDPRO GROUP, INC., ) | |
| Defendant. ) | |

### CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff Gretchen B. Carrel ("Plaintiff"), by counsel, for her Class Action Complaint for Damages, alleges and states as follows:

1. Ms. Carrel is a resident of Allen County, Indiana.

2. MedPro Group, Inc. ("MedPro") is a for-profit corporation headquartered in Allen County, Indiana.

3. This court has jurisdiction over the claims brought in this suit.

4. Venue is appropriate in this court.

### BACKGROUND

5. Ms. Carrel incorporates the allegations of Paragraphs 1 through 4 of this Complaint as if fully restated in this paragraph.

6. For approximately 14 years, Ms. Carrel worked for MedPro.

7. As a MedPro employee, Ms. Carrel was subject to the PTO policy attached as Exhibit A.

8. Among other things, the PTO policy states as follows:

   a. "Those employed on January 1 are entitled to their full PTO accrual for the year based on years of service in that year."

3288427



    b. Eligible employees "may carry over 10 PTO days per calendar year."

    c. "Employees that separate employment will be paid accrued PTO only (excluding carryover)."

9. Due to her years of service, Ms. Carrel earned and was entitled to her "full PTO accrual" of 28 days on January 1, 2016.

10. On February 5, 2016, Ms. Carrel resigned from employment.

## COUNT I

11. Ms. Carrel incorporates the allegations of Paragraphs 1 through 10 of this Complaint as if fully restated in this paragraph.

12. Upon the next regular payday after Ms. Carrel resigned, MedPro was required to pay out her earned PTO.

13. To date, MedPro has failed to pay Ms. Carrel all of her earned PTO.

14. Like Ms. Carrel, other employees who resigned from MedPro's employment have also not been paid the full amount of the earned PTO due to them.

15. MedPro's refusal to pay earned PTO to Ms. Carrel and other similarly-situated employees is a violation of Indiana's Wage Payment Act, I.C. § 22-2-5-2, *et seq*.

16. MedPro's failure to pay Ms. Carrel and other similarly-situated employees their earned PTO in contravention of its own policy was not in good faith.

17. As a result of MedPro's illegal actions, Ms. Carrel and other similarly-situated employees are entitled to treble damages, costs, and attorney's fees and all other just and proper relief.

WHEREFORE, Plaintiff Ms. Carrel, by counsel, respectfully requests judgment against MedPro, costs, attorney's fees and all other just and proper relief.

## COUNT II

18. Ms. Carrel incorporates the allegations of Paragraphs 1 through 17 of this Complaint as if fully restated in this paragraph.

19. In the alternative, MedPro's failure to pay Ms. Carrel and other similarly situated employees their earned PTO was a breach of contract or unjust enrichment of MedPro.

WHEREFORE, Plaintiff Ms. Carrel, by counsel, respectfully requests judgment against MedPro, costs, attorney's fees and all other just and proper relief.

## COUNT III

20. Ms. Carrel incorporates the allegations of Paragraphs 1 through 19 of this Complaint as if fully restated in this paragraph.

21. In 2015, Ms. Carrel took an extended leave under the Family Medical Leave Act (FMLA).

22. During this period of leave, MedPro docked PTO benefits that Ms. Carrel had earned on January 1, 2015.

23. Consistent with its treatment of Ms. Carrel, MedPro has docked earned PTO from all other employees who have taken FMLA leaves.

24. MedPro's docking of earned PTO for employees taking FMLA leave violates Section 104(a)(2) of the FMLA, and it also constitutes illegal interference, discrimination, and/or retaliation on the basis of employees' exercising their FMLA rights.

25. As a result of MedPro's illegal actions, Ms. Carrel and other similarly-situated employees are entitled to double damages, costs, attorney's fees and all other just and proper relief under the FMLA.

26. As a result of MedPro's illegal docking, Ms. Carrel and other similarly-situated employees are also entitled to treble damages, costs, attorney's fees and all other just and proper relief under the Wage Payment Act.

WHEREFORE, Plaintiff Ms. Carrel, by counsel, respectfully requests judgment against MedPro, costs, attorney's fees and all other just and proper relief.

## CLASS ACTION ALLEGATIONS

27. Ms. Carrel incorporates the allegations of Paragraphs 1 through 26 of this Complaint as if fully restated in this paragraph.

28. The putative class is so numerous that joinder of all members is impracticable.

29. There are questions of law or fact common to the class.

30. The claims of the representative party are typical of the claims of the class.

31. The representative party will fairly and adequately protect the interest of the class.

32. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. Class action treatment is otherwise appropriate.

WHEREFORE, Plaintiff Ms. Carrel, by counsel, on behalf of herself and all other similarly situated employees, respectfully requests judgment against Medical Protective, costs, attorney's fees and all other just and proper relief.

BECKMAN LAWSON, LLP

By: _____
Matthew J. Elliott, #21242-02
201 W. Wayne Street
Fort Wayne, IN 46802
Telephone: (260) 422-0800
ATTORNEY FOR PLAINTIFF

## 6. TIME OFF

### 6.1 Paid Time Off (PTO)

The Company provides paid time off based on your years of service with the Company. The PTO schedule for regular full-time employees is calculated as follows:

| Years of Service | Eligible Days Off |
| --- | --- |
| New Hires | 18 days (prorated from date of hire) |
| 1-2 Years | 18 days |
| 3-9 Years | 23 days |
| 10-19 Years | 28 days |
| 20+ Years (hired prior to 7/1/2010) | 33 days |
| 20+ Years (hired on or after 7/1/2010) | 28 days |

Tracking of PTO days is based on a calendar year 1/1 - 12/31 and covers:
- Vacation

---

19   CONFIDENTIAL   7/2/2013
*Solely for use by employees of Medical Protective companies who have a right to know.
Not to be disclosed or used by any other person without prior permission.*

---

- Personal time
- Personal illness
- Time off to care for dependents
- Time off for religious observations

PTO is in addition to the company's holiday, jury duty, and funeral leave. All paid time off must be approved by your Manager and entered through the approved timekeeping system, Stromberg or other company designated system.

PTO days will be tracked as follows:
- Those employed on January 1 are entitled to their full PTO accrual for the year based on years of service in that year
- PTO for eligible part time employees is pro-rated based on hours worked
- PTO may be taken in increments as low as two hours
- PTO does not count toward "hours worked" for overtime calculations
- Regular full-time and eligible part-time employees may carry over 10 PTO days per calendar year
- The aggregate limit in the carryover bank is 10 days
- Employees must use accrued PTO for the current calendar year prior to using carryover PTO

- Employees that separate employment will be paid accrued PTO only (excluding carryover)

Employees are responsible for managing the use of their own PTO. Employees are encouraged to hold some time in "reserve" for unexpected absences required for emergencies and/or illnesses.

PTO should be scheduled as far in advance as possible in accordance with department policy and supervisory approval. There will be occasions, such as sudden illness, when an employee is unable to schedule the use of his/her PTO. In these situations, the employee must contact his/her immediate supervisor to request unscheduled PTO.

Accrued PTO will be used to pay any waiting period until payment of leave begins under the company's short term disability policy. While on short term disability, FMLA or other approved leave of absence, employees do not accrue PTO.

**EXHIBIT A**