UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GRETCHEN B. CARREL, on behalf of herself and all other similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:16-cv-00130-TLS-SLC |
| MEDPRO GROUP, INC., | ) ) | Class Action |
| Defendant. | ) ) | |

**FIRST AMENDED COMPLAINT FOR DAMAGES AND CLASS ACTION**

Plaintiff Gretchen B. Carrel ("Plaintiff"), by counsel, for her First Amended Complaint for Damages and Class Action, alleges and states as follows:

1. Ms. Carrel is a resident of Allen County, Indiana.

2. MedPro Group, Inc. ("MedPro") is a for-profit corporation headquartered in Allen County, Indiana.

3. This court has jurisdiction over the claims brought in this suit, which include federal claims under the Family Medical Leave Act (FMLA) and the Fair Labor Standards Act (FLSA).

4. Venue is appropriate in this court, as most or all of the corporate acts at issue occurred in the Northern District of Indiana.

**BACKGROUND**

5. Ms. Carrel incorporates the allegations of Paragraphs 1 through 4 of this Complaint as if fully restated in this paragraph.

6. For approximately 14 years, Ms. Carrel worked for MedPro.

32D0942

7. As a MedPro employee, Ms. Carrel was subject to the PTO policy attached as Exhibit A.

8. Among other things, the PTO policy states as follows:

   a. "Those employed on January 1 are entitled to their full PTO accrual for the year based on years of service in that year."

   b. Eligible employees "may carry over 10 PTO days per calendar year."

   c. "Employees that separate employment will be paid accrued PTO only (excluding carryover)."

9. Due to her years of service, Ms. Carrel earned and was entitled to her "full PTO accrual" of 28 days on January 1, 2016.

10. On February 5, 2016, Ms. Carrel resigned from employment.

## **COUNT I**

11. Ms. Carrel incorporates the allegations of Paragraphs 1 through 10 of this Complaint as if fully restated in this paragraph.

12. Upon the next regular payday after Ms. Carrel resigned, MedPro was required to pay out her earned PTO.

13. To date, MedPro has failed to pay Ms. Carrel all of her earned PTO.

14. Like Ms. Carrel, other employees who resigned from MedPro's employment have also not been paid the full amount of the earned PTO due to them.

15. MedPro's refusal to pay earned PTO to Ms. Carrel and other similarly-situated employees is a violation of Indiana's Wage Payment Act, I.C. § 22-2-5-2, *et seq.*

16. MedPro's failure to pay Ms. Carrel and other similarly-situated employees their earned PTO in contravention of its own policy was not in good faith.

17. As a result of MedPro's illegal actions, Ms. Carrel and other similarly-situated employees are entitled to treble damages, costs, and attorney's fees and all other just and proper relief.

WHEREFORE, Plaintiff Ms. Carrel, by counsel, respectfully requests judgment against MedPro, costs, attorney's fees and all other just and proper relief.

## COUNT II

18. Ms. Carrel incorporates the allegations of Paragraphs 1 through 17 of this Complaint as if fully restated in this paragraph.

19. In the alternative, MedPro's failure to pay Ms. Carrel and other similarly situated employees their earned PTO constitutes a breach of contract, an unjust enrichment of MedPro, or otherwise violated the rights of Ms. Carrel and other similarly situated employees.

WHEREFORE, Plaintiff Ms. Carrel, by counsel, respectfully requests judgment against MedPro, costs, attorney's fees and all other just and proper relief.

## COUNT III

20. Ms. Carrel incorporates the allegations of Paragraphs 1 through 19 of this Complaint as if fully restated in this paragraph.

21. In 2015, Ms. Carrel took an extended leave under the Family Medical Leave Act (FMLA).

22. During this period of leave, MedPro docked PTO benefits that Ms. Carrel had earned on January 1, 2015.

23. Consistent with its treatment of Ms. Carrel, MedPro has docked earned PTO from all other employees who have taken FMLA leaves.

24.     MedPro's docking of earned PTO for employees taking FMLA leave violates Section 104(a)(2) of the FMLA, and it also constitutes illegal interference, discrimination, and/or retaliation on the basis of employees' exercising their FMLA rights.

25.     As a result of MedPro's illegal actions, Ms. Carrel and other similarly-situated employees are entitled to double damages, costs, attorney's fees and all other just and proper relief under the FMLA.

26.     As a result of MedPro's illegal docking, Ms. Carrel and other similarly-situated employees are also entitled to treble damages, costs, attorney's fees and all other just and proper relief under the Wage Payment Act.

WHEREFORE, Plaintiff Ms. Carrel, by counsel, respectfully requests judgment against MedPro, costs, attorney's fees and all other just and proper relief.

## **COUNT IV**

27.     Ms. Carrel incorporates the allegations of Paragraphs 1 through 26 of this Complaint as if fully restated in this paragraph.

28.     At all relevant times, Ms. Carrel was a non-exempt employee.

29.     Because she was a non-exempt employee, Ms. Carrel was entitled to 1.5 times her regular hourly pay rate for each hour that she worked over 40 hours in any given week.

30.     Ms. Carrel frequently worked more than 40 hours per week.

31.     During the last several years of Ms. Carrel's employment, she received a longevity bonus and/or other bonuses each year.

32.     Under the FLSA, these bonuses should have been figured into her regular rate of pay, so that when she worked overtime, the time-and-a-half premium would have been based on a regular rate that included the bonuses.

33. MedPro failed to include bonuses in Ms. Carrel's regular rate of pay.

34. As a result, she and other nonexempt employees were systematically underpaid for their overtime hours.

WHEREFORE, Ms. Carrell and other similarly situated employees are entitled to double damages, costs, attorney's fees, and all other just and proper relief.

### CLASS AND/OR COLLECTIVE ACTION ALLEGATIONS

35. Ms. Carrel incorporates the allegations of Paragraphs 1 through 34 of this Complaint as if fully restated in this paragraph.

36. MedPro has over 500 employees, all of whom are subject to the PTO and FMLA docking policies.

37. A significant percentage of these employees were shorted PTO pay upon resignation, or upon the taking of FMLA leave.

38. Over the past three years, MedPro has employed hundreds of nonexempt employees.

39. A significant percentage of these non-exempt employees worked overtime and earned longevity or other bonuses.

40. These employees were, like Ms. Carrel, systematically underpaid due to an improperly calculated regular rate.

41. As a result, the putative classes at issue in this case are so numerous that joinder of all members is impracticable.

42. The PTO and FMLA claims involve published HR policies.

43. The FLSA claim involves a uniform practice of failing to figure bonus pay into the regular rate of pay for nonexempt employees.

44. As a result, there are questions of law or fact common to the putative classes.

45. As an employee who was subject to the PTO policy, the illegal docking of FMLA, and the miscalculation of overtime pay, Ms. Carrel's claims are typical of the claims of the putative classes and/or collective.

46. Ms. Carrel will fairly and adequately protect the interest of the class.

47. Since the issues involved in this case relate to the interpretation of published HR policies, and the uniform failure to incorporate bonuses into the regular rate of pay, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action and/or collective action is superior to other available methods for the fair and efficient adjudication of this controversy.  See Fed. R. Civ. Proc. 23(b)(3).

48. Class action and/or collective action treatment is otherwise appropriate.

WHEREFORE, Ms. Carrel, by counsel, on behalf of herself and all other similarly situated employees, respectfully requests judgment against Medical Protective, statutory and other damages, costs, attorney's fees and all other just and proper relief.

**BECKMAN LAWSON, LLP**

By: /s/ Matthew J. Elliott
Matthew J. Elliott, #21242-02
201 W. Wayne Street
Fort Wayne, IN 46802
Telephone: (260) 422-0800
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  The undersigned certifies that on the 17th day of May, 2016, the foregoing document was filed via the Court's CM/ECF system, which served electronic notice on the following:

Edward E. Hollis
Edward.Hollis@faegrebd.com

Toni M. Everton
Toni.Everton@faegrebd.com

                 /s/ Matthew J. Elliott
                 Matthew J. Elliott