# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GRETCHEN B. CARREL, on behalf of herself and all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:16-CV-130-TLS |
| MEDPRO GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for Partial Judgment on the Pleadings [ECF No. 22], filed on June 22, 2016.

This litigation was initiated when the Plaintiff, Gretchen B. Carrel, filed a three-count Class Action Complaint for Damages in state court against her former employer, MedPro Group, Inc. Attached to the Complaint were two pages describing a Paid Time Off (PTO) policy that the Plaintiff alleges she was subject to as a MedPro employee. The Plaintiff alleges that the Defendant did not pay her the full amount of earned PTO due to her when she resigned from employment and that this failure is a violation of Indiana's Wage Payment Act, Ind. Code § 22-2-5-2, et seq. (Count I), or, alternatively, was a breach of contract or unjust enrichment (Count II). In Count III of the Complaint, the Plaintiff alleges that the Defendant violated the Family Medical Leave Act's (FMLA) prohibition against illegal interference, discrimination, or retaliation for exercising her FMLA rights when it reduced her earned PTO while she was on FMLA leave.

After the Defendant removed the case to this Court and answered the Complaint, it moved for judgment on the pleading for the breach of contract claim asserted in Count II. The

Defendant argues that the claim is not viable because it is premised on a provision of the MedPro Employee Handbook, and the Handbook contains a disclaimer that it is not a contract. The Defendant attached the Handbook to its Motion.

**COMPLAINT ALLEGATIONS**

The Plaintiff was an employee of Defendant MedPro for nearly fourteen years. As a MedPro employee, the Plaintiff was "subject to" the Paid Time Off (PTO) policy that is attached as Exhibit A to the Plaintiff's Complaint. (Class Action Compl. for Damages ¶ 7, ECF No. 5.) The PTO policy awards employees a certain number of days off depending on years of service. It also provides that "[t]hose employed on January 1 are entitled to their full PTO accrual for the year based on years of service in that year," that eligible employees "may carry over 10 PTO days per calendar year," and that "[e]mployees who separate employment will be paid accrued PTO only (excluding carryover)." (*Id.* ¶ 8; Ex. A to Compl.)

Based on her years of service, the Plaintiff was entitled to 28 days of PTO on January 1, 2016. In February 2016, the Plaintiff resigned her employment. She alleges that the Defendant has failed to pay her, and other similarly-situated employees, all accrued PTO, and that this violates Indiana's Wage Payment act, Ind. Code § 22-2-5-2 *et seq.* (Count I). The Plaintiff alleges, in Count II, that, "in the alternative," the failure to pay earned PTO "was a breach of contract or unjust enrichment of [the Defendant]" (Count II). Last, the Plaintiff alleges that the Defendant reduced the PTO benefits that she had earned on January 1, 2015, while she was on extended leave under the FMLA, which violates Section 104(a)(2) of the FMLA, and constitutes illegal interference, discrimination, or retaliation on the basis of exercising FMLA rights (Count

III).

## ANALYSIS

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim, that is, whether the pleadings contain facts that allow the reasonable inference that the defendant is liable for the misconduct alleged. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

When a Rule 12(b)(6) motion presents materials outside the complaint, Rule 12(d) requires that the Court either treat the motion as one for summary judgment under Federal Rule of Civil Procedure 56 or exclude the outside matters. However, exceptions to Rule 12(d) exist, including that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus. Inc., 300* F.3d 730, 735 (7th Cir. 2002) (quoting *Wright v. Associated, Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). This is a narrow exception to Rule 12(d) that applies to cases in which a contract must be interpreted, *id.*, because without it, "[a] plaintiff could evade dismissal under Rule 12(b)(6) simply by refusing to attach the document that would definitively

prove the claim has no merit," *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Invoking these principles, the Defendant attaches to its Motion for Partial Judgment on the Pleadings an Employee Handbook, which contains the same PTO policy the Plaintiff identifies in her Complaint.

The Defendant points out that the Employee Handbook containing the PTO policy includes a disclaimer on the first page, which states,

> Nothing in this Handbook is intended to create (nor shall be construed as creating) an express or implied contract of employment or to guarantee employment for any term or to promise that any specific procedures must be followed by Medical Protective. There is no contract of employment between Medical protective and any of its employees.

(Employee Handbook (Revised 6/5/13), Ex. 1 to Def.'s Mot. for Partial J. on the Pleadings, ECF No. 22-1.) Therefore, the Defendant argues, in accordance with *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712 (Ind. 1997) (holding that an employee handbook bearing or accompanied by disclaimers that the handbook is not a contract does not create a unilateral contract), the policies set forth in the Handbook are not legally enforceable contracts. *See also Workman v. United Parcel Serv.*, 234 F.3d 998, 1000 (7th Cir. 2000).

The Plaintiff objects to reliance on the Handbook language to support the Defendant's Motion. She maintains that the Defendant's Handbook exhibit does not overcome the bar on using documents extrinsic to a complaint because it is not "concededly authentic" and, without discovery, it is not know whether it is "central" to the Plaintiff's claims. *See Tierney*, 304 F.3d at 738. Although the Plaintiff refers to the PTO policy, and attaches it as Exhibit A to the Complaint, she does not identify whether the PTO policy was part of an Employee Handbook, or otherwise indicate how it would have been communicated to employees or put into application.

4

In her Response Brief, the Plaintiff argues that the PTO policy may have been referred to in documents outside of the Handbook, or otherwise constituted a promise outside of the Handbook. If that is true, she reasons, "the purported disclaimer in the [H]andbook would not be sufficient to defeat the breach of contract claim." (Pl.'s Resp. Br. 4, Ecf No. 29.) The Plaintiff maintains that additional discovery is needed to determine if the Handbook with the disclaimer is the same Handbook that governs her PTO claims, as the Handbook had been updated and revised throughout her employment. The Plaintiff asserts that, until certain discovery is complete, it is unknown whether she will even by relying on the Handbook for her breach of contract claim.

The Court does not think it necessary to rely on the disclaimer language in the Employee Handbook to resolve the Defendant's Motion. The Plaintiff's Complaint does not allege that Exhibit A, standing alone, is a contract. In the factual assertions (i.e., the "Background"), she claims only that she was "subject to" the PTO policy. In Count I, she alleges that she was not paid in accordance with the policy. Then, in Count II, she incorporates the preceding allegations, and alleges that the failure to pay PTO was a breach of contract. But that is a legal conclusion and, as just noted above, nothing in her factual assertions plausibly suggests the existence of a contract. It is speculation that the terms of the PTO policy may have also been incorporated into a contract that involved the proper offer, acceptance, and consideration. *See, e.g.*, *McCalment v. Eli Lilly & Co.*, 860 N.E.2d 884, 894 (Ind. Ct. App. 2007) ("The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages."); *Batchelor v. Batchelor*, 853 N.E.2d 162, 165 (Ind. Ct. App. 2006) ("The basic requirements for a contract include offer, acceptance, consideration, and a meeting of the minds of the contracting parties.").

5

Because the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face" and does not state sufficient facts to raise the Plaintiff's right to relief on a breach of contract claim above the speculative level, *Twombly*, 550 U.S. at 557, the Court will dismiss the claim. The Plaintiff asks that, if the Court dismisses her breach of contract claim in Count II, it leave intact her unjust enrichment claim, which was also contained in Count II, because the unjust enrichment claim does not depend on the existence of a contract. In fact, "recovery cannot be grounded on a claim of unjust enrichment where a contract controls the rights of the parties." *Bayh v. Sonnenburg*, 573 N.E.2d 398, 409 (Ind. 1991); *id.* at 408 (unjust enrichment "is a legal fiction invented by the common-law courts in order to permit a recovery . . . where, in fact, there is no contract, but where the circumstances are such that under the law of natural and immutable justice there should be a recovery as though there had been a promise." (quoting *Clark v. Peoples Sav. & Loan Ass'n*, 46 N.E. 2d 681, 682 (Ind. 1943)).

Having moved solely for the judgment on the pleadings on the breach of contract claim, the Defendant does not address the unjust enrichment claim. That claim will remain pending.

## CONCLUSION

For the reasons set forth, the Court GRANTS the Defendant's Motion for Partial Judgment on the Pleadings [ECF No. 22], and dismisses the breach of contract claim asserted in Count II of the Complaint.

SO ORDERED on August 18, 2016.

                                           s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT