UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

GRETCHEN B. CARREL, on behalf of       )
herself and all other similarly-situated )
persons,                                )
                                        )
    Plaintiff,                          )
                                        )
    v.                                  )       CAUSE NO.: 1:16-CV-130-TLS
                                        )
MEDPRO GROUP, INC.,                     )
                                        )
    Defendant.                          )

**OPINION AND ORDER**

This matter is before the Court on a Motion for Conditional Class Certification on FLSA Claim and Notice to Potential Plaintiffs [ECF No. 18], filed by Plaintiff Gretchen B. Carrel on June 10, 2016. Having also received the Defendant's Opposition [ECF No. 26] and the Plaintiff's Reply [ECF No. 28], it appears that the parties agree that conditional certification is appropriate. They also agree on most aspects of the Notice to Potential Plaintiffs, with a few exceptions that the Court must now resolve.

**BACKGROUND**

One of the Plaintiff's claims in this litigation is that her employer, MedPro Group, Inc., did not pay her overtime to which she was entitled under the Fair Labor Standards Act (FLSA). The Plaintiff alleges that the Defendant failed to properly calculate her regular rate of pay for overtime purposes when it did not include in her regular rate of pay the bonus payments she received under the Defendant's Long Term Incentive Plan (LTIP). The Plaintiff maintains that the Defendant issued LTIP bonus payments to most of its more than 500 employees over the past

three years, and that hundreds of these employees, like the Plaintiff, were non-exempt and worked overtime. She alleges that the Defendant has thus adopted a uniform policy or practice that has deprived these employees the full amount of their owed wages. The Defendant denies that its practice of omitting LTIP bonus payments from the calculation of the regular rate of pay for overtime purposes violates the FLSA. According to the Defendant, its actions are legally permissible because the LTIP bonus is discretionary.

The Plaintiff requests conditional certification of a collective action on behalf of similarly situated employees pursuant to 29 U.S.C. § 216(b). Additionally, she seeks authorization to send court-approved notices to all the Defendant's current and former non-exempt employees who received LTIP bonuses in any year since 2013, and who also worked overtime in that same year. To facilitate notice to potential class members, the Plaintiff asks the Court to order the Defendant to produce, within five business days, a document in useable electronic form that discloses the names and contact information of all potential plaintiffs.

## ANALYSIS

The FLSA provides: "[N]o employer shall employ any of his employees who in any workweek is engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The collective action provision of the FLSA allows one or more employees to sue on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Collective actions under the FLSA are different than class actions authorized by Federal Rule of Civil

Procedure 23 because, in FLSA cases, the potential plaintiffs are given notice and an opportunity to opt in, rather than notice and an opportunity to opt out. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Courts have described a two-step process for the management of FLSA collective actions. In the first step, plaintiffs need only make "a minimal showing that others in the potential class are similarly situated." *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004). "[A] court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); *see also Smallwood v. Ill. Bell Tel. Co.*, 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010) ("In order to be conditionally certified, plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" (quoting *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003))). If the plaintiff makes this minimal showing, the class is conditionally certified and notice is sent to potential class members, giving them an opportunity to opt in. *Heckler v. DK Funding*, 502 F. Supp. 2d 777, 779 (N.D. Ill. 2007); *Mielke*, 313 F. Supp. 2d at 762. At the second step, once the opt-in process is complete, the court conducts a more stringent analysis of similarity. *Heckler*, 502 F. Supp. 2d at 779.

At this stage of the proceedings, the Defendant does not dispute that the first step of the conditional certification standard has been satisfied. The Defendant, however, has proposed changes to the Plaintiff's proposed form of Notice "to more accurately and fairly describe the

3

case status, claims at issue, and potential plaintiffs' options." (Def.'s Opp'n 1, ECF No. 26.) As stated above, the Plaintiff is amenable to most of these changes, but a few issues remain in dispute.

**A.      Contents of the Notice**

**1.      *Beginning Date for Proposed Class***

The proposed Notice, as modified by the Defendant, defines the class to include the Plaintiff and "any non-exempt employee who is or was employed by MedPro at any time since [date on which the notice is approved], 2013, and who received both overtime pay and an LTIP bonus payment during any year between 2013 and the present." (Notice 2, ECF No. 28-1.) The Plaintiff initially proposed using January 1, 2013, as the relevant start date. The Defendant objected on grounds that such a date would include individuals whose claims fall outside the FLSA's three year statute of limitations. The Defendant thus proposed using the date of the Notice, as opposed to January 1.

The Plaintiff indicates that she is willing to accept these changes, "subject to a couple of important caveats." (Reply Br. 2, ECF No. 28.) The Plaintiff notes that the Defendant's LTIP bonuses have typically been paid in August. The Plaintiff suggests that, if the Notice is issued after August 2016, that the beginning date for the potential class members be tied to June 10, 2013, which is three years before she filed her motion to certify the conditional class.

The Notice will obviously not be issued before August 2016—it is already September. The Court finds that the Notice should define the class using the June 10, 2013, date. Neither party has developed arguments regarding the application of the statute of limitations in this case.

If June 10, 2013, is later determined to create a class where some individuals fall outside the appropriate statute of limitations, those individuals can be excluded. If their claims are truly time-barred, they will have suffered no harm by being included in the class initially. However, failure to offer them an opportunity to opt-in at this point could lead to prejudice.

2.  *Introduction—Miscellaneous*

The parties present slightly different versions of a statement contained in the Introduction. The Defendant proposes the following: "You are receiving this Notice because you have been preliminarily identified as eligible to join this lawsuit." (Notice 1, ECF No. 28-1; *see also* Notice 2, ECF No. 26-1.) The Plaintiff's final version states: "You are receiving this Notice because you have been preliminarily identified as similarly situated to Carrel, and hence eligible to join this lawsuit." (*Id.*) The Court agrees with the Plaintiff's assessment that her version more clearly and accurately describes why the potential plaintiff is being invited to join the class, and thus approves its inclusion in the Notice.

3.  *Subject to Dismissal*

In the text that follows the heading "Description of the Lawsuit," the Defendant has proposed language to clarify that the purpose of the Notice is to identify persons who may be entitled to and wish to participate in the lawsuit, and that the Court has not expressed any opinion regarding the merits of the Plaintiff's claim. The Plaintiff does not oppose this language, but objects to the follow up language: "The claims of any person who joins this lawsuit may be subject to dismissal if the Court finds the claims lack merit or that the lawsuit cannot be litigated

on a class wide basis." (Notice 2, ECF No. 28-1.) The Plaintiff describes the first part of the sentence as superfluous in light of the rest of the Notice provisions, which already implicitly communicate that only meritorious claims will be allowed. With regard to the second half of the sentence, the Plaintiff's position is that it is highly unlikely that the claims of any of the opt-in plaintiffs will be dismissed for lack of common treatment. The Plaintiff notes that all of the potential plaintiffs will have been subject to the Defendant's policy of omitting LTIP bonus payments from the regular rate of pay. Therefore, according to the Plaintiff, the statement only acts to discourage potential plaintiffs to join the case. The Plaintiff also objects to any portion of the paragraph being in bold typeface because it "unduly emphasizes the importance of this language." (Reply Br. 2.)

       The Court finds the Plaintiff's arguments to be well taken. It is communicated throughout the Notice that the Plaintiff is making claims about the legality of the Defendant's actions that the Defendant disputes, and that the intent of the Notice is to identify similarly situated individuals to join the litigation. That the Court expresses no opinion on the merits of the Plaintiff's claims also implies that the claims may not result in a recovery. Whether the class can, ultimately, be litigated on a class wide basis has not yet been determined, but the nature of the claim and of the defense suggest that maintaining the action as a collective action will not be seriously challenged. Additionally, nothing about the information provided in this paragraph suggests that it should be emphasized through bolded text. The Court approves the Description of the Lawsuit section of the Notice as set forth in the draft submitted as ECF No 28-1.

4.  *Cost Shifting and Discovery Obligations*

The parties disagree whether the Notice should inform potential plaintiffs that they could be responsible for "court costs and expenses" if the litigation is unsuccessful, and that they may have to participate in discovery and testify in court. (Notice 3.) The Plaintiff objects to the Defendant's proposed language on grounds that it is misleading and would discourage potential opt-in plaintiffs from joining the litigation. The Plaintiff argues that the language referring to "court costs and expenses," would suggest to the ordinary person that he could be responsible for attorney's fees and well as costs. Additionally, the Plaintiff contends that any opt-in plaintiff's portion of costs would be de minimis. The Plaintiff maintains that the discovery obligation is not necessary because it is very unlikely that any opt-in plaintiff will have discovery obligations. The crux of the case involves a legal dispute whether LTIP payments were discretionary, which does not involve factual disputes for which discovery from individual plaintiffs would be helpful.

Exercising its discretion regarding the details to be provided in a notice under § 216(b), *see Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989), the Court declines to approve the Defendant's proposed language regarding costs and discovery. There is a low likelihood that costs apportioned to any absent class member would be more than de minimis. Yet, advising potential plaintiffs that they could be at risk to pay an unspecified amount of "costs and expenses" might dissuade those otherwise eligible employees from participating. Likewise, the Court agrees that the Defendant's documents, not information from the potential plaintiffs, will have the most bearing on the disputed legal issue. While including such language about discovery options is proper in some circumstances, the Court does not think it necessary in this case where discovery obligations are unlikely. *Cf. Boltinghouse v. Abbott Labs., Inc.*, No. 15 CV

6223, 2016 WL 3940096, at *4 (N.D. Ill. July 20, 2016) ("Where an FLSA collective action could include a large number of opt-in plaintiffs, a warning to each potential plaintiff that he or she may be required to sit in depositions and testify is unnecessary. The possibility that any one plaintiff will be so required is slim.").

B.     **Production of Contact Information and Form of Notice**

The Plaintiff requests that the Court order the Defendant to produce, within five business days, a document in useable electronic form that discloses the names, last known addresses, last known phone numbers, and last known email addresses of all potential plaintiffs. The Defendant submits that this request is unnecessarily aggressive and problematic, and requests ten business days instead. However, the reasons the Defendant cited for needing more time, by now, are moot. The Defendant maintained in its June 30, 2016, briefing that it was conducting due diligence on potential plaintiffs. As more than two months have passed, that due diligence should have yielded results that can be provided within five business days.

The Defendant also objects to providing the Plaintiff with the telephone numbers and email addresses of potential plaintiffs. It objects on grounds that such information is not necessary to sending notice by mail, and that providing such information is an unwarranted intrusion on the privacy of those individuals. The Defendant urges that if the Court directs it to provide such information, that it be limited to personal email addresses and telephone numbers, as opposed to workplace information.

According to the Plaintiff, she requested email addresses so she could send email, as well as regular mail, notices to potential class members. The Plaintiff argues that an extra level of

notice is necessary to ensure that potential plaintiffs are given a full and fair opportunity to join the case given the volume of junk mail people receive every day. Additionally, the tight time frame for joining the case supports simultaneous notice by regular mail and email. The Plaintiff agrees that personal email addresses are sufficient for this purpose, and that only one round of notice will be issued.

For the reasons cited by the Plaintiff, the Court authorized email notice to occur simultaneously with notice by the traditional U.S. Postal Service method. *See Boltinghouse*, 2016 WL 3940096, at *5 (remedial purposes of the FLSA is served by email notice). Therefore, disclosure of last known personal email addresses is appropriate. As the Plaintiff has advanced no reason for disclosure of telephone numbers, the Court will not order them to be produced.

**CONCLUSION**

For the reasons stated above, the Motion for Conditional Class Certification on FLSA Claim [ECF No. 18] is GRANTED and the action is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b). The Notice as edited by the parties [ECF No. 28-1] and modified by this Order, and the Consent to Join Lawsuit [ECF No. 19-4] are APPROVED. The Defendant is ORDERED to produce to the Plaintiff's counsel, within 5 business days of the date of this Order, a document in useable electronic form that discloses the names, last known addresses, and last known personal email addresses of all potential plaintiffs. The opt-in period is 60 days, beginning 10 business days after the Defendant produces the contact information.

SO ORDERED on September 15, 2016.

                                                     s/ Theresa L. Springmann
                                                   THERESA L. SPRINGMANN
                                                   UNITED STATES DISTRICT COURT